UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEMARKO L. HALL,

    Plaintiff(s),

v.

SCOTT M. CANTOR, et al.,

    Defendant(s).

Case No. 2:23-cv-01109-RFB-NJK

**REPORT AND RECOMMENDATION**

Because Plaintiff is proceeding *in forma pauperis*, the Court herein screens the complaint pursuant to 28 U.S.C. § 1915(e).[1]

**I.   STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

---

[1] In light of Plaintiff's incarceration, he was required to make a partial filing fee. Docket No. 7. On September 7, 2023, the Court received that partial filing fee. Docket No. 8. Accordingly, the Court now screens Plaintiff's complaint. *See* Docket No. 7 at 2 n.1.

1

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.      ANALYSIS**

Plaintiff's complaint brings two claims:  (1) an ineffective assistance claim against his attorney and (2) an equal protection claim against the State Bar of Nevada.  The undersigned will screen each claim in turn below.

A.     <u>Ineffective Assistance claim</u>

Plaintiff first sues his defense attorney, Scott Cantor, on a theory of ineffective assistance of counsel during the sentencing phase of his trial.  Docket No. 1-1 at 4.  A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).[2]  It is settled law that a private criminal defense attorney does not act under color of state law.  *See, e.g.*, *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes

---

[2] The complaint suggests that Plaintiff is suing Attorney Cantor under the Sixth Amendment rather than pursuant to § 1983.  *See* Docket No. 1-1 at 1, 4.  "[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

2

of actions brought under the Civil Rights Act").³ Plaintiff cannot state a § 1983 claim against Attorney Cantor.

Moreover, the Court notes that one could construe Plaintiff as seeking to bring a state law claim against Attorney Cantor, such as for breach of contract, *see* Docket No. 1-1 at 6, or malpractice. The claim would not survive screening even if construed as such a state cause of action because Plaintiff has not provided any basis from which the Court could conclude that it has subject matter jurisdiction.⁴ The Court may exercise diversity jurisdiction upon a showing that there is complete diversity in the citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).⁵ Plaintiff does not allege diversity of citizenship and the complaint on its face appears to show a lack of diversity (*i.e.*, overlap in Nevada citizenship).

Accordingly, Plaintiff's claim against Attorney Cantor is subject to dismissal without prejudice to refiling in the proper forum.⁶

B.   Equal Protection claim

Plaintiff also sues the State Bar of Nevada for allegedly failing to stop Attorney Cantor from practicing law sooner, which Plaintiff identifies as an equal protection violation and negligence per se. *See* Docket No. 1-1 at 5.

---

³ It is not clear from the complaint whether Attorney Cantor was retained or appointed, but the outcome is the same. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 n.7 (1981) ("This is true even of cases in which a private attorney has been assigned to represent an indigent defendant").

⁴ The Court need not determine whether the substance of the allegations suffice to state a claim at this juncture because Plaintiff has not established subject matter jurisdiction.

⁵ Courts may exercise supplemental jurisdiction over state law claims when the case involves federal claims. 28 U.S.C. § 1367(a). As discussed herein, Plaintiff has no federal cause of action.

⁶ It does not appear that Plaintiff is seeking to be released from prison or challenging the fact or duration of his sentence. *See* Docket No. 1-1 (identifying relief sought). Nonetheless, the undersigned is mindful that Plaintiff is alleging ineffective assistance with respect to his criminal sentencing. If Plaintiff is in fact trying to challenge his sentence, his exclusive remedy would be a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *see also Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("a prisoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding"). Plaintiff's claims here would be subject to dismissal without prejudice to filing a habeas petition. *Trimble*, 49 F.3d at 586.

The statutory text provides that a "person" may be civilly liable for constitutional violations. 42 U.S.C. § 1983. It is well established that the State Bar of Nevada is not a "person" for purposes of § 1983. *Errico v. State Bar of Nev.*, 2017 WL 4350974, at 2 & n. 20 (D. Nev. Sept. 28, 2017) (citing *O'Connor v. State of Nev.*, 507 F. Supp. 546, 550 (D. Nev. 1981)). Moreover, it is also well established that the State Bar of Nevada is entitled to Eleventh Amendment immunity. *Id.*

Accordingly, Plaintiff's claim against the State Bar of Nevada is subject to dismissal with prejudice.

C.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the complaint be **DISMISSED** without prejudice as to the claim against Scott Cantor and be **DISMISSED** with prejudice as to the claim against the State Bar of Nevada.

Dated: October 26, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).